RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/30/10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GLADYS PLEASANT | CIVIL ACTION NO. 09-CV-1244 |
| VERSUS | JUDGE HAIK |
| NEAL LARTIGUE | MAGISTRATE JUDGE HILL |

## REASONS FOR JUDGMENT

**A.     Facts**

This lawsuit arises out of an incident where the Plaintiff was allegedly unlawfully arrested without probable cause and the Defendants allegedly used excessive force against her in violation of the Fourth and Fourteenth Amendments to the United States Constitution and in violation of Louisiana State laws. Defendants removed this case to federal court pursuant to the provisions of 28 U.S.C. §1331 and §1441(a)(b), based on Federal Question Jurisdiction. Plaintiff's filed this Motion to Remand along with a Motion to Amend/Correct the Petition to remove the federal question issues. Plaintiff's Motion to Amend/Correct was marked deficient, and as per Judge Hill's Order [Doc. 26] the Plaintiff's Motion to Amend/Correct was stricken for failure to correct the deficiency. Thus, the federal question issues have not been removed from the Petition. However, the Motion to Remand is still pending.

**B.     Plaintiff's Contentions**

Plaintiff argues that her complaint asserted a cause of action based on a state law violation not federal question. She argues that the federal question issues are ancillary to the state law issues, thus the suit should be remanded. Plaintiff provides that she asserted this action pursuant to Louisiana Civil Code Article 2315. Plaintiff argues that she desires to litigate her

case in state court as originally filed without inconveniencing federal court or unnecessary financial inconvenience that she cannot afford. Plaintiff alleges that the suit was wrongfully removed by defendants and that the removal is not supported at all in law or equity by their undue removal. Thus, Plaintiff claims that the suit should be remanded back to state court as a matter of law.

C.  **Defendant's Contentions**

Defendant's argue that plaintiff's complaint, on its face in the introduction and at paragraphs 12 and 14, asserts a federal question. Her Petition reads, in part:

> NOW INTO COURT, through undersigned counsel, comes, this Plaintiff, GLAYDS PLEASANT, to assert her rights pursuant to Louisiana Civil Code o [sic] Article 2315 and fourth and fourteenth amendment to the United States and Louisiana Constitution respectively.
> ***
> 12.
> As a direct and proximate result of this officers [sic] brutality, committed under his authority as a Ville Platte Police Office [sic], Plaintiff, GLAYDS PLEASANT suffered severe bodily injury and was deprived of her rights to be secure in her person against the unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendment of the United States Constitution and Louisiana laws.
>
> 14.
> At all time relevant to the malicious actions of this Ville Platte Police Officer, Unknown and Ville Platte Chief of Police, NEAL LARTIGUE acting under color of law and pursuant to their official policy, practice, customs, intentionally and recklessly failed to instruct, train and supervise this defendant OFFICER UNKNOWN and OTHER CITY OF VILLE PLATTE POLICE OFFICERS on a continuing basis in the correct procedure for investigating a potential crime scene, traffic stop, use of force, interrogations while detaining or arresting someone.

Defendants argue that Plaintiff need not specify Section 1983 as a basis for her cause of

action; she asserted a claim under the United States Constitution. Defendants insist that the facts of the complaint seek a remedy as guaranteed under the United States Constitution, thus meeting the requirements for removal and original subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441(a)(b).

Defendants further argue that to determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. (Emphasis ours) *Tunica-Biloxi Indians of Louisiana v. Pecot*, 248 F.Supp.2d 576 (W.D.La. 2003); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995). Thus, plaintiff's attempt to now state that she is suing under Louisiana law alone comes too late. Nor would an amendment to plaintiff's complaint to remove the reference to the "United States Constitution" suffice to defeat removal. See *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F.Supp.2d 578 (E.D.Tex. 2006)(In order to determine whether jurisdiction is present, the claims set forth in the state court petition are considered as of the date of removal); and *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995) (stating that "a complaint amended post-removal cannot divest a federal court of jurisdiction"). Thus, Defendant's argue, the Plaintiff's suit cannot be remanded back to state court.

**D.    Analysis**

At the time this suit was filed in State Court, Plaintiff asserted a violation of her Fourth and Fourteenth Amendment rights, clearly presenting a federal question. The State Court Petition clearly reads that she was asserting her rights "pursuant to La. Civ. Code Article 2315 and fourth and fourteenth amendment to the United States Constitution." Based upon the fact that plaintiff is asserting claims for false arrest, false imprisonment, and excessive force and *Monell* liability

under both the United States and Louisiana Constitutions, defendants properly removed the matter to federal court. The facts of the complaint seek a remedy as guaranteed under the United States Constitution, thus meeting the requirements for removal and original subject matter jurisdiction under 28 U.S.C. §1331 and §1441(a)(b).

When considering the claims in the state court petition as they existed at the time of removal, it is clear that there are federal question issues initially brought in this lawsuit. Had counsel for Plaintiff's corrected the deficiency marked on the Motion to Amend/Correct, the issues of federal question could have possibly been removed from the Complaint, thus giving rise to a possibility of remand. However, that was not the case, and the Motion to Amend/Correct has been stricken. As such, Plaintiff's Motion to Remand is **DENIED**.

E.     **Conclusion**

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. 11) is hereby **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this the 29th day of March, 2010.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA